```
                 IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF DELAWARE

IN RE:                          :   Chapter 11
                                :
GROSSMAN'S, INC., et al.,       :   Bankr. Case Nos. 97-695-PJW
                                :                    97-696-PJW
                                :                    97-697-PJW
                                :
       Debtors.                 :   Adv. Proc. No. 07-51602-PJW
                                :
_____:
                                :
JELD-WEN, INC., f/k/a           :
Grossman's Inc.,                :
                                :
       Appellant,               :
                                :
    v.                          :   Civil Action No. 08-427-JJF
                                :
MARY VAN BRUNT and              :
GORDON VAN BRUNT,               :
                                :
       Appellees.               :
```

Christopher M. Alston, Esquire of FOSTER PEPPER PLLC, Seattle, Washington.
Frederick B. Rosner, Esquire of DUANE MORRIS LLP, Wilmington, Delaware.

Attorneys for Appellant.

Sander L. Esserman, Esquire and Cliff I. Taylor, Esquire of STUTZMAN, BROMBERG, ESSERMAN & PLIFKA, P.C., Dallas, Texas.
Daniel K. Hogan, Esquire of THE HOGAN FIRM, Wilmington, Delaware.

Attorneys for Appellees.

**MEMORANDUM OPINION**

February 5, 2009
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court is an appeal filed by JELD-WEN, Inc. ("JELD-WEN"), the successor-in-interest to Grossman's Inc., GRS Holding Company, Inc. and GRS Realty Company, Inc., as reorganized debtors (collectively, "Grossman's"), of the Findings of Fact and Conclusions of Law entered by the Bankruptcy Court on June 9, 2008. For the reasons discussed, the Court will reverse the Bankruptcy Court's Findings of Fact and Conclusions of Law as they relate to the state law warranty claims and affirm the Bankruptcy Court's Findings of Fact and Conclusions of Law in all other respects.

## I. PARTIES' CONTENTIONS

This action was commenced by JELD-WEN as an adversary proceeding in the Bankruptcy Court seeking: (1) a permanent injunction enjoining Mary and Gordon Van Brunt (the "Van Brunts") from prosecuting claims against JELD-WEN in an action filed by the Van Brunts in a New York state court, (2) a determination that the Van Brunts' state court claims have been discharged in the context of the Grossman's bankruptcy, and (3) an award of damages. In May 2007, the Van Brunts' filed state law claims against JELD-WEN and 57 other defendants, alleging that Mary Van Brunt developed mesothelioma in March 2006, as a result of her exposure to products containing asbestos that were manufactured by the defendants and acquired by the Van Brunts nearly thirty years earlier during a home remodeling project.

By its appeal, JELD-WEN contends that the Bankruptcy Court erred in concluding that the Van Brunts' claims were not discharged under Grossman's Plan of Reorganization on the grounds that the claims arose prior to the Effective Date of the Plan. Specifically, JELD-WEN contends that the Bankruptcy Court erred in applying <u>Matter of M. Frenville Company, Inc.</u>[1] and <u>Schweitzer v. Consolidated Rail Corp.</u>[2], to support the use of New York state law to determine that the Van Brunts' state court claims did not arise until Mary Van Brunt's manifestation of her symptoms in 2006. In this regard, JELD-WEN contends that <u>Schweitzer</u> and <u>Frenville</u> have been superseded by the Bankruptcy Reform Act of 1978 (the "Bankruptcy Code") in so far as the definition of "claim" is concerned. However, even if these decisions were not superseded by statute, JELD-WEN contends that the decisions are seriously flawed, contradicted by authority from other jurisdictions, and should be reversed or modified. In the alternative, JELD-WEN contends that even if <u>Frenville</u> and <u>Schweitzer</u> are followed (1) an exception applies which allows the Court to apply federal bankruptcy law rather than state law to determine when the Van Brunts' claim arose, and (2) the Bankruptcy Court erred in failing to dismiss the Van Brunts' breach of warranty claims under New York law.

---

[1] <u>Frenville</u>, 744 F.2d 332 (3d Cir. 1984).

[2] <u>Schweitzer</u>, 758 F.2d 936 (3d Cir. 1985).

In response, the Van Brunts contend that under Third Circuit precedent, state law governs the determination of when a claim arises for purposes of bankruptcy. The Van Brunts contend that under New York state law, their claims did not arise until the Fall of 2006, when Mary Van Brunt began to experience symptoms of her illness. Because the Van Brunts' claims did not arise until after the Effective Date of the Plan, the Van Brunts contend that the Bankruptcy Court correctly concluded that their claims were not discharged in Grossman's bankruptcy.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions.[3] With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'"[4] The appellate

---

[3]   See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d Cir. 1999).

[4]   Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)).

3

responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a <u>de novo</u> basis in the first instance.[5]

In this case, JELD-WEN does not contest any of the factual findings rendered by the Bankruptcy Court.  Accordingly, the Court will apply a <u>de novo</u> standard of review to the Bankruptcy Court's legal conclusions.

## III. DISCUSSION

Reviewing the conclusions of the Bankruptcy Court under a plenary standard of review, the Court concludes that the Bankruptcy Court's conclusions were not erroneous.  The Court understands JELD-WEN's argument but is compelled by the Third Circuit's decisions in <u>Frenville</u> and <u>Schweitzer</u>.[6]

Under <u>Frenville</u>, a "claim" arises for bankruptcy purposes at the same time the underlying state law cause of action accrues.[7]  Under New York law, causes of action for asbestos related injuries do not arise until the injury manifests itself.[8]

---

[5]  <u>In re Telegroup</u>, 281 F.3d 133, 136 (3d Cir. 2002).

[6]  <u>See</u> <u>Jones v. Chemetron Corp.</u>, 212 F.3d 199, 206 (3d Cir. 2000) ("We are cognizant of the criticism the <u>Frenville</u> decision has engendered, but it remains the law of this circuit.").

[7]  744 F.2d 337.

[8]  <u>See</u> e.g., <u>Rothstein v. Tenn. Gas Pipeline Co.</u>, 204 A.D.2d 39, 45 (N.Y. App. Div. 1994).

4

Similarly, even if federal law is applied in lieu of New York law, Schweitzer provides that "actions for asbestos-related injury do not exist before manifestation of injury."[9] Applying these principle here, the Court concludes that the Bankruptcy Court did not err in concluding that the Van Brunts' state law tort claims arose when Mary Van Brunt evidenced symptoms of mesothelioma in 2006, after the Effective Date of Grossman's Plan.

In addition to its argument against the application of New York law under Frenville and Schweitzer, JELD-WEN also contends that even if New York law is applied, the Bankruptcy Court erred in failing to parcel out the Van Brunts' breach of warranty claims from their tort claims. JELD-WEN contends that under New York law, these claims accrued prepetition, and therefore, were discharged under Grossman's Plan. Under New York law, breach of express or implied warranty claims are subject to a four year statute of limitation which begins to run when delivery of the product is tendered "except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been

---

[9] 758 F.2d at 942.

discovered."[10]  In this case, the products at issue were tendered in 1977.  The Van Brunts have not contested or otherwise responded to JELD-WEN's argument, and therefore, have not alleged that any exception applies.  In these circumstances, the Court concludes that the Van Brunts' breach of warranty claims accrued prepetition and were discharged as part of the Grossman's bankruptcy.  As for JELD-WEN's request for sanctions against the Van Brunts for maintaining these warranty claims; the Court concludes that sanctions are not warranted in the circumstances of this case.

## IV. CONCLUSION

For the reasons discussed, the Court will reverse the Bankruptcy Court's June 9, 2008 Findings Of Fact and Conclusions Of Law as they pertain to the Van Brunts' state law breach of warranty claims and affirm the Findings of Fact and Conclusions of Law in all other respects.

An appropriate Order will be entered.

---

[10]  N.Y. UCC § 2-725 (McKinney 1993); Rothstein, 204 A.D.2d at 45.